# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDRICK GOINGS, #M36022,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-00212-SMY |
| | ) |
| **JOHN BALDWIN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff's Motion for Immediate Transfer to Federal Custody. (Doc. 17).

### Background

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center ("Pontiac"). According to Plaintiff, he has 6 civil rights cases pending in federal court against 200 IDOC officials for constitutional and state law claims, including 3 in this District. Plaintiff claims he has been repeatedly harassed and assaulted by prison officials and that "targeted threats" against him and his family members have occurred at Pontiac, Menard Correctional Center ("Menard"), and Stateville Correctional Center ("Stateville"). He alleges that he has reported death and kidnapping threats directed to members of his family, which includes a Chicago police officer and a former Deputy Director of IDOC, to internal affairs but that prison officials have refused to contact his family to notify them of the threats.

Plaintiff further alleges that on July 8, 2019, he had saliva, urine, and feces hurled at him, making contact with his eyes and mouth, and that the "biological matter" was obtained from three

1

prisoners who are high risk for HIV, AIDS, hepatitis, and other communicable diseases. He claims that prison officials at Pontiac refused to investigate the incident. Finally, Plaintiff alleges he has information that there is a conspiracy to harm or kill him and his family and that IDOC is behind it.

In the Motion, Plaintiff requests the following: 1) a protective order; 2) a referral of this matter to the FBI and the U.S. Attorney General; 3) that the Court contact the Organized Crime Division of the Chicago Police Department regarding the threats to his family members; 4) that the Court contact Plaintiff's family member, former Deputy Director Austin Randolph, regarding threats made against him by prison officials; and 5) a transfer to federal custody or other non-traditional confinement. The Court construes Plaintiff's motion as a request for a temporary restraining order and/or preliminary injunctive relief.

## **Discussion**

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined; it may be in effect no longer than fourteen days. *See* Fed. R. Civ. P. 65(b)(2). A TRO may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). A TRO may be issued "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

To obtain injunctive relief through a TRO order or preliminary injunction (issued with notice and an opportunity to be heard to the party to be enjoined), a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496

F.3d 620, 622 (7th Cir. 2007). If the plaintiff establishes those three elements, the Court must then weigh the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).

While the Court takes Plaintiff's allegations regarding threats to his safety seriously, Plaintiff's allegations do not establish that he faces an immediate or irreparable injury, loss, or damage warranting a TRO. He claims that threats were made while he was incarcerated at Stateville, Menard, and Pontiac without reference to a specific time. Plaintiff does not describe any specific instances of assaults or threats of assault other than the July 8, 2019 incident, nor does he provide information as to who made the threats or the content of the threats. His claims are not directed at any of the individual defendants in this case. Accordingly, Plaintiff's request for a TRO is **DENIED** without prejudice.

The Court **DEFERS** ruling on Plaintiff's request for a preliminary injunction as Plaintiff's Motion does not set forth the reasons he is entitled to relief under Rule 65 of the Federal Rules of Civil Procedure. If Plaintiff wishes to pursue a request for preliminary injunction, he must file a brief in support within thirty days (on or before September 5, 2019). Failure to do so by this deadline will result in dismissal of the motion without prejudice.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: AUGUST 6, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**