IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDRICK GOINGS, #M36022, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00212-SMY |
| | ) |
| JOHN BALDWIN, | ) |
| KENT E. BROOKMAN, | ) |
| C/O CRABTREE, | ) |
| MAJOR PAGE, | ) |
| MICHAEL M. KEYS, | ) |
| KIMBERLY S. BUTLER, | ) |
| FRANK EOVALDI, | ) |
| YVETT BAKER, | ) |
| JASON N. HART, | ) |
| C/O BRIDGES, | ) |
| MAJOR CHILDERS, | ) |
| MAJOR MONTE, | ) |
| N. WARD, | ) |
| MICHAEL P. MELVIN, | ) |
| WEXFORD HEALTH SOURCES, INC. | ) |
| JOHN DOE 1, *Placement Officer, Menard CC*, | ) |
| JOHN DOE 2, *Placement Officer, Pontiac CC*, | ) |
| JOHN DOE 3, *Medical Director, Menard CC*, | ) |
| JOHN DOE 4, *Medical Director, Pontiac CC*, | ) |
| JOHN DOES, *Correctional or Healthcare Staff, Menard CC*, | ) ) |
| JOHN DOES, *Correctional or Healthcare Staff, Pontiac CC*, | ) ) |
| JOHN DOE 5, *Mental Health Director, Menard CC* | ) ) |
| SHERRY BENTON, | ) |
| MELISSA PHOENIX, and | ) |
| JOHN DOES, *Internal Affairs Officers*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Fredrick Goings, an inmate in the custody of the Illinois Department of

1

Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He asserts claims under the Eighth and Fourteenth Amendments along with state law claims related to a disciplinary proceeding and his confinement in segregation. He seeks injunctive relief and monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff makes the following allegations in his Complaint: On February 24, 2016, while incarcerated at Menard Correctional Center ("Menard"), Plaintiff was accused of assault on his cellmate. (Doc. 1, pp. 6, 8). Plaintiff was found in his cell with his cellmate who was incoherent and lying on the floor in a pool of blood with a swollen and bleeding face (*Id.*). Prior to the incident, Plaintiff advised gallery correctional officer Crabtree that an immediate cell reassignment was necessary and asked him to contact his superior, placement, Warden Butler, and internal affairs. (*Id.* at 16).

Plaintiff received a disciplinary ticket for violent assault. (*Id.* at 8-9). C/O Bridges authored the original disciplinary report and it was reviewed by Major Page and Major Monte. (*Id.* at 11). None of them conducted an investigation of the alleged offense. (*Id.*). There was a "re-written" disciplinary report authored by C/O Bridges and reviewed by Major Childers and

Major Frank Eovaldi. (*Id.*). No hearing investigator was assigned to review the allegations or the disciplinary report. (*Id.*).

Plaintiff did not receive a copy of any alleged statement made by his cellmate prior to or during the adjustment committee hearing held on March 1, 2016. (*Id.*). He was denied access to the victim. (*Id.* at 10). There were violations of due process and the Illinois Administrative Code in relation to the hearing. (*Id.* at 11-12). Plaintiff did not receive notice and was not present for a rehearing held on June 1, 2016. (*Id.* at 10). He was transferred from Menard to Pontiac on June 1, 2016, prior to the time of the hearing. (*Id.*)

Plaintiff was confined in segregation from February 2016 to February 2017. (*Id.* at 10, 13). He was confined 24 hours per day and denied commissary and other privileges. (*Id.* at 13). His communication with his family and friends deteriorated while in segregation. (*Id.*). He suffered mental and emotional injuries. (*Id.*). Warden Butler transferred Plaintiff to Pontiac Correctional Center during the year-long segregation assignment. (*Id.* at 14). Butler and other unknown individuals involved in the decision to transfer Plaintiff did not notify Pontiac officials of Plaintiff's deep sleep condition and related security concerns. (*Id.* at 14-15).

While in segregation at Pontiac, Plaintiff was sexually assaulted by an unknown individual while asleep. (*Id.* at 15). Additionally, an unknown individual made dotted track lines on his arm causing pain and bruising while he was asleep. (*Id.*). Plaintiff reported the attacks, but they were not investigated. (*Id.*). Plaintiff sent notes to the internal affairs requesting that video recordings be checked for unauthorized entry into his cell, but the notes were destroyed by correctional or internal affairs staff. (*Id.* at 16). The video recordings were altered or destroyed to cover up the sexual and physical attacks. (*Id.*).

Plaintiff is an attorney, although his license to practice law has been suspended. (Doc. 1,

p. 6). He has divided his Complaint into the following Counts, which the Court will use in all further proceedings in this case:

> **Count 1:** **Fourteenth Amendment due process claim against all Defendants regarding the disciplinary proceedings, including the rehearing, that resulted in Plaintiff being found guilty of an IDOC offense and being confined to segregation from February 24, 2016 until February 1, 2017.**
>
> **Count 2:** **State law battery claim against all Defendants for the sexual assault committed by an unknown person that occurred while Plaintiff was in segregation during his deep sleep medical condition.**
>
> **Count 3:** **State law battery claim against all Defendants for the mutilation of Plaintiff's arm committed by an unknown person that occurred while Plaintiff was in segregation during his deep sleep medical condition.**
>
> **Count 4:** **State law defamation claim against all Defendants for false and misleading oral and written statements published in the disciplinary reports, adjustment committee final summary report, and that otherwise occurred during the disciplinary process.**
>
> **Count 5:** **State law intentional infliction of emotional distress claim against all Defendants for the pain Plaintiff suffered in segregation because of the conditions of confinement and the physical and sexual assault that occurred there.**
>
> **Count 6:** **Eighth Amendment deliberate indifference claim against C/O Crabtree, the placement coordinator, Warden Butler, Internal Affairs Officer, and C/O Ward for failure to take precautions to remove Plaintiff or his cellmate prior to the incident on February 24, 2016.**
>
> **Count 7:** **Eighth Amendment deliberate indifference claim against the Menard Medical Director, the Pontiac Medical Director, Wexford Health Sources, Inc., and John Does for failure to evaluate and treat his deep sleep condition.**
>
> **Count 8:** **Eighth Amendment failure to protect claim against all Defendants for failing to make necessary security and safety determinations regarding Plaintiff's cell assignment even while in segregation.**

**Count 9:** Civil conspiracy claim against all Defendants.

**Count 10:** Destruction and/or spoliation of evidence against Unknown Correctional Officers and Unknown Internal Affairs Officers at Pontiac for disposing of Plaintiff's notes to internal affairs and the video recordings relevant to the unauthorized entry in Plaintiff's cell in segregation when he was sexually and physically assaulted.

**Count 11:** Official misconduct claim against all Defendants in relation to conducting a rehearing.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

## Discussion

## Federal Claims

### Count 1

Plaintiff asserts a due process claim against all defendants related to disciplinary proceedings (IDOC Director John Baldwin, Kent E. Brookman (*Chairperson, Adjustment Committee*), C/O Crabtree, Major Page, Michael M. Keys, Warden Kimberly S. Butler, Frank Eovaldi, Yvett Baker, Jason N. Hart, C/O Bridges, Major Childers, Major Monte, N. Ward, Michael P. Melvin, Wexford Health Sources, Inc., John Doe 1 (*Menard Placement Officer*), John Doe 2 (*Pontiac Placement Officer*), John Doe 3 (*Menard Medical Director*), John Doe 4 (*Pontiac Medical Director*), John Does (*Menard Correctional or Healthcare Staff*), John Does (*Pontiac Correctional or Healthcare Staff*), John Doe 5 (*Menard Mental Health Director*), Sherry Benton, Melissa Phoenix, and John Does (*Internal Affairs Officers*)). Specifically, he claims he was not

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

guilty of the assault that led to the disciplinary proceedings and confinement in segregation, and alleges there were numerous violations of due process and administrative procedures related to the proceedings.

Other than identifying the correctional officer who authored the disciplinary report and the prison officials who reviewed the report, Plaintiff does not ascribe specific actions to particular individuals with respect to the disciplinary proceedings. He generally alleges that "Kent E. Brookman – Chairperson; Michael M. Keys; Kimberly S. Butler, Yvett Baker, Jason N. Hart, John Baldwin; All violated Plaintiff's due process rights in connection with the Illinois Department of Corrections Adjustment Committee Hearing Procedures." (Doc. 1, p. 12). This conclusory and collective accusation fails to identify any actions by particular individuals allegedly conducted in violation of his rights. Section 1983 creates a cause of action based on personal liability and predicated upon fault. Therefore, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (internal quotations and citations omitted).

Plaintiff makes no allegations against the remaining defendants as to the disciplinary proceedings. But it is apparent that Pontiac prison officials, Wexford, the Placement Officers, the Medical and Mental Health Directors, Pontiac Internal Affairs Officers, Pontiac Correctional and Healthcare Staff, and Menard Health Care Staff – all of whom are included in this claim against "all Defendants" – were not directly involved in the disciplinary proceedings at Menard. Moreover, under Federal Rule of Civil Procedure 8 pleading standards, the Complaint must include a short, plain statement of the case against each individual. An allegation that a group of defendants violated a plaintiff's rights fails to comply with Rule 8.

The allegations in the Complaint are insufficient to state a Fourteenth Amendment due

process claim related to the disciplinary proceedings. Count 1 will therefore be dismissed without prejudice.

**Count 6**

An Eighth Amendment failure to protect claim arises when a plaintiff is incarcerated under conditions posing a substantial risk of serious harm and the defendant acts with deliberate indifference to the Plaintiff's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir.2010). "[A] generalized risk of violence is not enough, for prisons are inherently dangerous places." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (internal citations and quotations omitted). Instead, a plaintiff must allege "a tangible threat to his safety or well-being" and "a substantial risk of future harm." *Id.* Prison officials must be aware of a specific, impending, and substantial threat to Plaintiff's safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "A substantial risk of serious harm is one in which the risk is so great that it is almost certain to materialize if nothing is done." *Wilson*, 451 F. App'x at 589.

Plaintiff alleges he advised gallery correctional officer Crabtree that an immediate cell reassignment was necessary and asked him to contact his superior, placement, Warden Butler, and internal affairs. But he does not allege that he informed Crabtree of the reason reassignment was needed. Nor does he provide any details as to what precipitated the assault or allege that he was assaulted or physically injured by his cellmate during the incident. He merely blames the defendants for the assault he committed and alleges his injury was his confinement in segregation. There are no allegations to establish that Crabtree, the placement officer, Warden Butler, or anyone in internal affairs was aware of a specific, impending, and substantial threat to Plaintiff's safety. Therefore, Count 6 fails to state a colorable failure to protect claim and will be dismissed without prejudice.

## Count 7

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference, an inmate must show that: (1) he suffered from an objectively serious medical condition; and (2) defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

Regardless of whether Plaintiff's alleged deep sleep condition constitutes a serious medical condition, he has not alleged facts to establish that the Menard Medical Director, the Pontiac Medical Director, and/or any John Does were deliberately indifferent to a risk of serious harm. The only individuals he alleges had knowledge of his deep sleep condition were members of the Adjustment Committee, Warden Butler and "other unknown co-conspirators" involved in the decision to transfer him to Pontiac. In fact, he alleges Pontiac officials were not notified of his deep sleep condition. He does not allege that he requested and was denied evaluation and treatment for his condition by the Menard Medical Director, the Pontiac Medical Director, and/or any John Does.

This claim also fails as to Wexford Health Sources, Inc. When a private corporation has contracted to provide essential government services, such as health care for inmates, the corporation can be held liable under Section 1983 if the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978) and *Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a Section 1983 action). Here, Plaintiff

has not alleged an unconstitutional policy or custom resulted in delay or denial of treatment for his deep sleep condition.

For these reasons, Count 7 fails to state a claim for deliberate indifference to a serious medical need against the Menard Medical Director, the Pontiac Medical Director, and John Does and will be dismissed without prejudice.

**Count 8**

Plaintiff attempts to state a failure to protect claim against all defendants for allegedly failing to make necessary security and safety determinations regarding Plaintiff's cell assignment even while in segregation. The injury he alleges is the physical and sexual assaults that occurred while he was in segregation. As to the claims asserted in Count 8, Plaintiff's Complaint violates Rule 8 pleading standards, fails to plead actions based on personal liability, and, therefore, fails to state a claim against any individual defendant. Further, there are no allegations to establish that any defendant was aware of a specific, impending, and substantial threat to Plaintiff's safety. Count 8 will therefore be dismissed without prejudice.

**Count 9**

Civil conspiracy claims are cognizable under Section 1983. *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). To state such a claim, Plaintiff must show that the defendants reached an agreement to deprive him of his constitutional rights, and that overt acts taken in furtherance of the same actually deprived him of those rights. *Id.* Plaintiff must present more than a bare allegation that a conspiracy exists. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). "Even under notice pleading, a complaint must indicate the parties, the general purpose, and approximate date of the agreement to form a conspiracy so that the defendant has notice of the charges against him." *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 517 (7th Cir.

2007) (citing *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002)).

Here, Plaintiff makes only a conclusory allegation that all of the defendants conspired to hold a rehearing without him present and fabricated an Adjustment Committee Hearing Final Summary documenting that he was guilty of assault. He has not identified the defendants directly involved in the disciplinary proceedings. As such, Plaintiff fails to state a viable civil conspiracy claim, and Count 9 will therefore be dismissed without prejudice.

## Count 11

Plaintiff alleges simply that "All Defendants are guilty of official misconduct in relation to conducting a rehearing in violation of his constitutional rights." (Doc. 1, p. 23). Plaintiff has not identified the individuals involved in the rehearing. And, as previously noted, such a threadbare, conclusory allegation fails to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Accordingly, Count 11 will also be dismissed without prejudice.

## State Law Claims

## Counts 2, 3, 4, 5, and 10

In addition to his constitutional claims, Plaintiff asserts state law claims and seeks to have the Court exercise its supplemental jurisdiction under 28 U.S.C. § 1367. Although district courts may exercise supplemental jurisdiction, they are not required to do so. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997). Supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right." *Id.* There are several circumstances enumerated in § 1367 under which it is appropriate for a court to decline to exercise supplemental jurisdiction. One such circumstance is when as here, the district court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

When deciding whether to exercise supplemental jurisdiction, courts must balance judicial

economy, convenience, fairness, and comity. *College of Surgeons*, 522 U.S. at 172-73. Weighing those factors, this Court declines to exercise its supplemental jurisdiction as to Plaintiff's state law claims for battery, defamation, intentional infliction of emotional distress, and spoliation (Counts 2, 3, 4, 5, and 10), and they too will be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint is **DISMISSED** without prejudice.

Plaintiff has not sufficiently pled any claims to proceed beyond screening. If Plaintiff wishes to pursue his claims, he must file a First Amended Complaint identifying who violated Plaintiff's constitutional rights by name and describing how Plaintiff's rights were violated. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation but must identify the act(s) or omission(s) of each Doe defendant (*e.g.* John Doe #1 did X and John Doe #2 did Y).

Therefore, **IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **SEPTEMBER 16, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus,

the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: AUGUST 15, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**