IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDRICK GOINGS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00212-SMY-RJD |
| | ) |
| **KENT E. BROOKMAN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge**:

Plaintiff Fredrick Goings, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This matter is now before the Court on Goings's Motions to Compel (Docs. 109, 110). The motions were referred to the undersigned by District Judge Staci M. Yandle pursuant to pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and SDIL-LR 72.1 (Doc. 115).

## BACKGROUND

Goings makes the following allegations in the First Amended Complaint (Doc. 42): In the weeks prior to February 24, 2016, Goings's cellmate, Inmate Matthews, engaged in "homosexual and oppressive tactics and harassment" in the cell. He invaded Goings's privacy several times, used offensive and derogatory language, and challenged Goings to a fight on multiple occasions. Goings advised C/O Crabtree and Warden Butler of these incidents, and on multiple occasions, requested verbally and/or in writing that he

1

or Matthews be reassigned to avoid the possibility of a violent confrontation.

On February 24, 2016, Matthews threatened Goings and told him that he would be leaving the cell by choice or by force. Matthews initiated a physical confrontation and Goings defended himself. Goings was found in his cell with Matthews who was incoherent and lying on the floor in a pool of blood with a swollen and bleeding face. Goings received a disciplinary ticket for violent assault written by C/O Bridges, Major Page, and Major Monte. A "re-written" disciplinary report was authored by C/O Bridges, Major Childers, and Major Frank Eovaldi. C/O Bridges, Major Page, Major Monte, Major Childers, and Major Eovaldi made false and misleading oral and written statements to Goings, healthcare staff, and the adjustment committee during the disciplinary proceedings.

Lieutenant Lee and Jason Hart denied Goings a reasonable continuance to prepare for the disciplinary hearing, denied him a copy of the alleged victim's written statement, and failed to interview the witnesses Goings tendered prior to the March 1, 2016 disciplinary hearing. Yvette Baker failed to consider evidence that pointed to Goings's innocence, failed to interview witnesses prior to the hearing, and failed to provide proper notice of the proceedings.

Kent Brookman and Michael Keys did not give Goings notice of a rehearing held on June 1, 2016. Brookman failed to provide Goings with a copy of the alleged victim's statement, failed to interview witnesses, and failed to give Goings a copy of the re-written allegations prior to the hearing. The hearing was held without Goings present. Goings was transferred from Menard to Pontiac on June 1, 2016, prior to the time of the hearing.

Because of the adjustment committee decision and one-year segregation sentence, Goings was transferred to Pontiac Correctional Center. Goings was confined in segregation from February 2016 to February 2017.

Following preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, Goings is proceeding on the following claims (Doc. 48):

Count 1:   Eighth Amendment deliberate indifference/failure to protect claim against Crabtree and Warden Butler for failure to take precautions to remove Plaintiff or his cellmate prior to the incident on February 24, 2016.

Count 3:   Fourteenth Amendment due process claim against Bridges, Page, Monte, Childers, and Eovaldi for issuing false disciplinary reports and against Lee, Brookman, Keys, Baker, and Hart regarding the disciplinary proceedings, including the rehearing, that resulted in Plaintiff being found guilty of an IDOC offense and being confined to segregation from February 24, 2016 until February 1, 2017.

Count 4:   State law defamation claim against Bridges, Page, Monte, Childers, and Eovaldi for false and misleading oral and written statements published in the disciplinary reports, adjustment committee final summary report, and that otherwise occurred during the disciplinary process.

Count 5:   State law intentional infliction of emotional distress claim against Bridges, Page, Monte, Childers, Eovaldi, Lee, Brookman, Keys, Baker, and Hart for their conduct related to the disciplinary proceedings that resulted in Plaintiff being found guilty of an IDOC offense and being confined to segregation from February 24, 2016 until February 1, 2017 for an offense that he did not commit.

## **LEGAL STANDARDS**

The scope of discovery is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides:

> Unless otherwise limited by court order, the scope of discovery is as follows:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Supreme Court has cautioned that the requirement under Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). However, "[r]elevance is not inherent in any item of evidence, but exists only as a relation between an item of evidence and the matter properly provable in the case." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 722 (N.D. Ill. Jan. 6, 2014) (citation omitted). Information need not only be relevant if it can directly prove or disprove a claim; rather, it must "bear on" any issue in the case.

## DISCUSSION

### *Motion to Compel - Interrogatories (Doc. 109)*

As a preliminary matter, Goings objects to each Defendants' failure to state his/her name in response to Interrogatory 1 and to Defendants' electronic signatures on the attestations. Each Defendant identified himself/herself by name in the opening paragraph of the Interrogatory Answers, which the Court finds is sufficient. Federal Rule of Civil Procedure 33(b)(5) requires that "[t]he person who makes the answers must sign

4

them," but does not mandate that the signature be handwritten rather than electronic. Goings has not cited to any authority that would suggest an electronic signature is insufficient. To the contrary, electronic signatures are common practice, promote efficiency, and regularly honored by courts. *See Joselyn v. Hydro Aluminum North America, Inc.*, No. 07-CV-392, 2009 WL 151160, at *1 (N.D. Ind. Jan. 22, 2009); *Black v. P.F. Chang's China Bistro, Inc.*, No. 16-cv-3958, 2017 WL 2080408, at *4 (N.D. Ill. May 15, 2017); *Magyar v. Saint Joseph Reg'l Med. Ctr.*, 544 F. 3d 766, 770 (7th Cir. 2008); *Allstate Ins. Co. v. A & F Med. P.C.*, No. 14-CV-6756, 2017 WL 2445185, at *2 (E.D.N.Y. June 5, 2017); *Clark v. City of Shawnee, Kansas*, No. 15-4965-SAC, 2016 WL 10100278, at *2 (D. Kan. June 22, 2016). The Court finds the electronic signatures to be sufficient and the request to compel on this issue is denied.

Next, Goings contends the Defendants improperly reference documents they never tendered to him. Specifically, Defendants refer to the following documents in their Interrogatory Answers:

> Interrogatory 2 – Incident reports bates stamped 1-6 and disciplinary tickets bates stamped 1380-1398
>
> Interrogatory 3 – Medical records bates stamped 1399-2355
>
> Interrogatory 6 – Adjustment Committee Final Summary Reports bates stamped 2751-2761
>
> Interrogatories 7, 8 and 10 – Living Unit History bates stamped 2748-2749
>
> Interrogatory 14 – Grievance records 97-1377

Defendants' Initial Disclosures were due by March 9, 2021 (Doc. 68, p. 2). On March 9, 2021, Defendants filed a Notice of Compliance with the Court stating the Initial

5

Disclosures were mailed that day (Doc. 74). There is no reason to believe these documents were not sent. Regardless, Defendants have resent their Initial Disclosures to Plaintiff (Doc. 112, p. 2; Doc. 112-1, pp. 1-6) and the documents referenced in Defendants' Interrogatory responses are included therein. Consequently, this issue is resolved and the request to compel is denied.[1]

Goings also objects to each Defendant referring to Defendants' Objections to Plaintiff's First Set of Interrogatories, which was submitted by Defendants collectively and sets forth specific objections to Interrogatories 4, 5, 8, 9, 10, 11, 12, 13, and 14. There is nothing improper about this procedure, and Goings's objection is overruled.

Goings contends it is insufficient for Defendants to state they were not present during the physical altercation on February 24, 2016 in response to Interrogatory 2 asking if there were any witnesses to the assault. The Court finds Defendants' responses, in which each Defendant states he or she was not present at the time and refers to the incident report and disciplinary tickets produced as part of Defendants' Initial Disclosures, to be proper. The request to compel on this issue is denied.

Similarly, in response to Interrogatory 3 asking whether Plaintiff was seen by mental and/or mental health staff in connection with the physical altercation on February 24, 2016, each Defendant states he or she was not present at the time of the altercation

---

[1] Federal Rule of Civil Procedure 37(a)(1) requires a party to certify that he or she has in good faith conferred or attempted to confer with the opposing party to resolve the purported issues before filing a motion to compel. This issue should have been resolved by the parties prior to the filing of the motion to compel. Parties are encouraged to resolve discovery issues informally and without court intervention.

and did not provide Plaintiff with medical treatment. Each Defendant directs Plaintiff to his medical records produced as part of Defendants' Initial Disclosures. These responses are proper and, therefore, the request to compel on this issue is denied.

Goings seeks information in Interrogatory 4 and Request for Production of Documents 1 related to medical and/or mental health treatment provided to Matthews after the physical altercation on February 24, 2016. Defendants objected to the request as overbroad, unduly burdensome, not proportional to the needs of the case, and on the grounds that disclosure is prohibited by the Health Insurance Portability and Accountability Act (HIPAA).  In the motion to compel, Plaintiff argues the records are relevant to Matthews's injuries from the assault Plaintiff is accused of committing.  The Court agrees that the records are not relevant to whether the Defendants failed to protect Plaintiff or whether Plaintiff's due process rights were violated by Defendants and, further, HIPAA precludes the disclosure. As such, the request to compel on this issue is denied.

In Interrogatory 5, Plaintiff seeks information related to whether Matthews gave a verbal or written statement. Defendants objected to the request as overbroad, unduly burdensome, and not proportional to the needs of the case.  In response to the motion to compel, they argue that whether Plaintiff's cellmate gave a verbal or written statement has no bearing on whether the Defendants failed to protect Plaintiff or whether Plaintiff's due process rights were violated by Defendants.  The Court agrees that the request is overly broad as it asks about statements made to county, state, or local police and prosecutors. To the extent it seeks information in the possession of Menard prison

officials, Defendants' objection is overruled and they are ordered to provide a response as to the fact or existence of any such verbal or written statement within fourteen days, which shall include any reasons they contend such statement should not be produced.

Goings argues Defendants' references to documents in response to Interrogatories 2, 3, 6, 7, 8, and 14, without directly answering the questions posed, is improper. To the contrary, this procedure is authorized by Federal Rule of Civil Procedure 33(d). The request to compel regarding Interrogatories 2, 3, 6, 7, 8, and 14 is denied.

In Interrogatories 8, 9, and 10, Goings seeks information related to an IDOC transfer bus and the identities of prison staff that conducted a strip search prior to him boarding the transfer bus, drove the bus, and were present as escorts. First, there is no claim related to any occurrence on a bus. Further, the interrogatories are not limited to a particular date[2] and are, therefore, overly broad. Finally, it is proper for Defendants to respond they were not involved in transfers of offenders between prison facilities. The request to compel regarding Interrogatories 8, 9, and 10 is denied.

In Interrogatory 11, Goings seeks information regarding any photos that may have been taken of Matthews's injuries following the physical altercation on February 24, 2016. Defendants objected to the request as overbroad, unduly burdensome, and not proportional to the needs of the case. In response to the motion to compel, they argue photos of the victim are not relevant to whether the Defendants failed to protect Plaintiff or whether Plaintiff was given due process during the disciplinary hearing at issue. The

---

[2] Although Plaintiff argues relevance based on the fact that he was allegedly on a transfer bus at the time of a disciplinary hearing conducted without his presence at Menard, the Interrogatory is not directed to that issue.

Court agrees that any such photos have no legal relevance or bearing on this issues in this case. This is not a criminal prosecution where the fact of, and extent of, the alleged victim's injuries are at issue. Due process in disciplinary proceedings does not require the production of photos of an alleged assault victim. Procedural due process in a prison disciplinary proceeding requires compliance with the protections articulated in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Specifically, an inmate is entitled to (1) advanced written notice of the charge against him; (2) the right to appear before an impartial hearing panel; (3) the right to call witnesses and present documentary evidence if prison safety allows; and (4) a written statement of the reasons for the discipline imposed. *Wolff*, 418 U.S. at 563-69. The request to compel on this issue is denied.

In Interrogatory 12, Goings seeks information as to who read him his *Miranda* rights and who questioned him following the physical altercation on February 24, 2016. If the identity of the prison official who questioned Goings following the assault is not set forth in documents already produced, Defendants are ordered to provide that information within fourteen days. If there is a safety or security issue, Defendants shall provide the Court with the reasons they contend the identity should not be produced. This issue is taken under advisement.

In Interrogatory 13, Goings asks whether Matthews worked in the Officer's kitchen prior to being assigned to a cell with Plaintiff. Goings argues the information is relevant because Matthews told him that the internal affairs officer who approved Matthews for a work assignment is the same officer that made arrangements for Matthews to be placed in a cell with Goings to harass him. However, that is not the

information sought in Interrogatory 13. In Interrogatory 13, he inquires as to whether Matthews was fired from his work assignment and who was his supervisor, which has no legal relevance or bearing on the issues or claims in this lawsuit. The request to compel on this issue is denied.

For the reasons stated, the Motion to Compel (Doc. 109) is **GRANTED in part, DENIED in part**, and **TAKEN UNDER ADVISEMENT in part**.

*Motion to Compel – Request for Production of Documents (Doc. 110)*

Again, the issue of Defendants referencing documents produced with their Initial Disclosures that Goings contends were never tendered to him has been resolved. The request to compel those documents is therefore denied.

In Requests 1 and 2, Goings seeks Matthews's medical records. Again, HIPAA precludes the disclosure of Matthews's medical records and, further, they are not legally relevant to the issues in this case. As a result, the request to compel Matthews's medical records is denied.

In Requests 2 and 15, Goings seeks documents in the possession of Menard prison officials related to any verbal and/written statement made by Matthews regarding the physical altercation on February 24, 2016.  This issue is taken under advisement pending the response to Interrogatory 5 ordered herein.

In Requests 3 and 12, Goings seeks photos that may have been taken of Matthews's injuries following the physical altercation on February 24, 2016. As stated above, any such photos have no legal relevance or bearing on this issues in this case. The request to compel any such photos is denied.

10

In Requests 4, 5, 6, 7, 8, 9, and 10, Goings seeks Matthews's disciplinary track sheet, job assignment file, placement records, transfers records, grievance records, cell assignments,[3] trust fund statements from February 2016 to February 2019, and cumulative counseling summary, which have no legal relevance or bearing on any issue. These documents have no legal relevance or bearing on the issues in this lawsuit. Whether the cell assignment placing Matthews with Goings was proper is not a part of the claim in Count 1 and the Menard Placement Officer John/Jane Doe 9 was dismissed from the case. The failure to protect claim in Count 1 is based on allegations that Crabtree and Warden Butler failed to take precautions to remove Plaintiff or his cellmate based on information Goings provided them as to conflicts between he cellmates. As a result, the requests to compel these documents is denied.

In Request 11, Goings seeks "[a]ll documents [Defendants] intend to use to support [their] defense to Plaintiff's claims for damages of any kind, whether case law, opinions, photos, statements, examples, reports, publications with statistics and percentiles of damages awards and/or public record of settlements." Request 11 is overly broad, seeks information that has no legal relevance or bearing on the issues, and seeks materials covered by attorney work product. Further, it seeks documents that have no legal relevance or bearing on the issues in this lawsuit. As a result, the motion to compel as to Request 11 is denied.

In Request 13, Goings seeks a copy of all records of Miranda Warnings issued with

---

[3] In Request 9, Goings also seeks every cell assignment for any prisoner witness(es). Any such documents have no legal relevance or bearing on the issues in this lawsuit. The request to compel is also denied as to those documents.

11

regard to the alleged assault. In Request 14, he seeks grievance documents and all written communications related to the grievance documents that he filed related to the claims in this lawsuit and the alleged assault. In Request 15, he seeks "[a]ny and all adjustment committee reports, notes, spreadsheets, vote calculations, basis, notations, witness statements, witness(es) disciplinary tracking sheets, written statements, rules, e-mails, memorandums or other documentation used in connection or by the adjustment committee to recommend and impose disciplinary sanctions on Plaintiff for the alleged assault on prisoner Jeremy Matthews…." Apart from the documents already produced, Requests 13, 14, and 15 seek documents that have no legal relevance or bearing on this issues in this lawsuit. As a result, the motion to compel as to Requests 13, 14, and 15 is denied.

Finally, Goings claims Defendants improperly redacted documents. Defendants are ordered to provide the redacted documents along with an unredacted copy of the documents to the Court within fourteen days for *in camera* inspection. This issue is taken under advisement.

## Conclusion

**ACCORDINGLY**, the Motion to Compel (Doc. 109) is **GRANTED in part, DENIED in part**, and **TAKEN UNDER ADVISEMENT in part**. To the extent Goings seeks information in Interrogatory 5 that is in the possession of Menard prison officials and is relevant to the disciplinary hearing, Defendants' objection is overruled and they are ordered to provide a response, in accordance with this Order, within fourteen days which shall include any reasons they contend such statement should not be produced.

As to Interrogatory 12, if the identity of the prison official who questioned Goings following the assault is not set forth in documents already produced, Defendants are ordered to provide that information within fourteen days. If there is a safety or security issue, Defendants shall provide the Court with the reasons they contend the identity should not be produced within fourteen days.

Further, the Motion to Compel (Doc. 110) is **DENIED in part** and **TAKEN UNDER ADVISEMENT in part**.  Defendants are ordered to provide the redacted documents along with an unredacted copy of the documents to the Court for *in camera* inspection within fourteen days.  The issue of the production of redacted documents is taken under advisement. To the extent Goings seeks documents in the possession of Menard prison officials related to any verbal and/written statement made by Matthews regarding the physical altercation on February 24, 2016, the issue is taken under advisement pending the response to Interrogatory 5 ordered herein.

**IT IS SO ORDERED.**

**DATED:  August 30, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**