IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDRICK GOINGS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00212-SMY-RJD |
| | ) |
| **KENT E. BROOKMAN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge**:

Plaintiff Fredrick Goings, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Goings filed two motions to compel that were granted in part, denied in part, and taken under advisement in part (Doc. 123).[1] This matter is now before the Court on the issues taken under advisement.

**Motion to Compel - Interrogatories (Doc. 109)**

In Interrogatory 5, Goings seeks information related to whether Inmate Matthews gave a verbal or written statement. The Court ordered Defendants to provide a response to the fact or existence of any such verbal or written statement within fourteen days. Defendants have filed a Notice advising the Court that a statement was taken from Matthews (Doc. 126). As Defendants have provided a response, this issue is now moot.

---

[1] The motions were referred to the undersigned by District Judge Staci M. Yandle pursuant to pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and SDIL-LR 72.1 (Doc. 115).

1

In Interrogatory 12, Goings seeks information as to who read him his *Miranda* rights and who questioned him following the physical altercation on February 24, 2016. Defendants have provided that information (Doc. 126) and this issue is now moot.

**Motion to Compel – Request for Production of Documents (Doc. 110)**

In Requests 2 and 15, Goings seeks documents in the possession of Menard prison officials related to any verbal and/written statement made by Matthews regarding the physical altercation on February 24, 2016. This issue was taken under advisement. Defendants have filed a Notice advising the Court that a statement was taken from Matthews but they object to disclosing the statement for safety and security reasons (Doc. 126).

After an *in-camera* inspection, the Court finds that Defendants are not required to disclose the statement as there is no exculpatory evidence and Plaintiff is not otherwise entitled to the statement in a prison disciplinary proceeding. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Chavis v. Rowe*, 643 F.2d 1281 (1981). Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. *Id.*, 418 U.S. at 564-570. Additionally, the

findings of the disciplinary hearing officer must be supported by "some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). There is, however, no right to confrontation and cross-examination. *Wolff*, 418 U.S. at 567.

With regard to Goings's claim that Defendants improperly redacted documents, the Defendants have provided unredacted copies for *in camera* inspection. After reviewing the documents, the Court finds that the redactions are not relevant to the triable issues. As set forth above, due process requirements in disciplinary proceedings are not the same as criminal proceedings. The redacted information does not pertain to the *Wolff* requirements and there is no exculpatory information. The motion to compel on this issue is therefore **DENIED**.

## Conclusion

For the reasons stated, the remaining issues in the Motion to Compel - Interrogatories (Doc. 109) are moot and the remaining issues in the Motion to Compel - Requests for Production of Documents (Doc. 110) are **DENIED**. As there are no issues remaining, the Clerk of Court is **DIRECTED** to term the motions.

**IT IS SO ORDERED.**

DATED:  September 23, 2022

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**