IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDRICK GOINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-212-SMY |
| | ) |
| KENT E. BROOKMAN, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiff Fredrick Goings' Objection to Magistrate Judge's Memorandum and Order (Doc. 134). Goings contends that Magistrate Judge Reona J. Daly erred in denying his motion to compel with respect to the disclosure of a statement made by an inmate that Goings allegedly assaulted (Doc. 128). Defendants oppose (Doc. 135). For the following reasons, the objection is **DENIED** and Judge Daly's ruling is **AFFIRMED**.

Goings, an inmate in the custody of the Illinois Department of Corrections, was accused of assaulting another inmate, Jeremy Matthews, and received a disciplinary ticket for this assault. He alleges that he was subsequently confined in segregation from February 2016 to February 2017 and is proceeding on a due process claim for being found guilty of the alleged assault and punished with confinement to segregation (Docs. 42, 45).

Goings served Defendants with two Requests for Production of Documents that resulted in the instant discovery dispute:

> 2. Any and all reports, victim's statements, witness statements, investigative notes and memorandums, emails, end notes, files, recordings whether oral or visual, letters, referrals to prosecute, police and internal affairs reports, change orders, narratives, confidential informant statements relied on, and accounts whether verbal or in writing regarding the alleged

>    assault on prisoner Jeremy Matthews K71403 and or ticket #201600317/1-MEN.
>
>    * * *
>
>    15.  Any and all adjustment committee reports, notes, spreadsheets, vote calculations, basis, notations, witness statements, witness(es) disciplinary tracking sheets, written statements, rules, e-mails, memorandums or other documentation used in connection or by the adjustment committee to recommend and impose disciplinary sanctions on Plaintiff for the alleged violent assault on prisoner Jeremy Matthews K71403 and IDOC ticket #201600317/1-MEN.

(Doc. 110, pp. 18, 22).

Defendants acknowledged that a statement had been taken but objected disclosing it for the safety of Matthews and related security reasons, including a potential chilling effect on inmates' cooperation that could hinder future investigations. Goings moved to compel the responsive documents (Doc. 110), and Defendants provided a copy of the statement for an *in-camera* inspection. Judge Daly ultimately denied Goings' motion to compel (Doc. 128); Goings now appeals Judge Daly's ruling.

The undersigned will not disturb a magistrate judge's ruling on a non-dispositive matter unless it is contrary to law or clearly erroneous. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a).  A decision is clearly erroneous when, on the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 943 (7th Cir. 1997).

As Judge Daly correctly noted, while inmates retain due process rights in connection with prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). For example, because there is no applicable right to confrontation and cross-examination, Goings would not necessarily be entitled to statements or even the names of

witnesses in such prison disciplinary proceedings. *Id.* at 567-570. Here, Judge Daly conducted an *in-camera* inspection of the underlying statement and correctly concluded that it included no exculpatory evidence. She also correctly concluded that the statement does not implicate the due process requirements for prison disciplinary proceedings.

The Court finds that Judge Daly's ruling was neither clearly erroneous nor contrary to law. Accordingly, Goings' Objection to Magistrate Judge's Memorandum and Order (Doc. 134) is **DENIED**.[1]

    **IT IS SO ORDERED.**

    **DATED: October 27, 2022**

                                                **STACI M. YANDLE**
                                                **United States District Judge**

---

[1] In light of the Court's ruling, Defendants' Motion to Strike, In Part, and Response, In Part, to Plaintiff's Objection to Magistrate Reona J. Daly's Memorandum and Order and Motion for Other Relief (Doc. 135) is **DENIED as MOOT**.